UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE INGRAHAM; and
HOLLY INGRAHAM,

                 Plaintiffs,

v.                                                   1:20-CV-1187
                                                   (GTS/ML)
PALANTINE MOTEL,

                 Defendant.
_____

APPEARANCES:                                                       OF COUNSEL:

BRUCE INGRAHAM
  Plaintiff, *Pro Se*
2455 Rt. 8
Apt. 2
P.O. Box 861
Lake Pleasant, New York 12108

HOLLY INGRAHAM
  Plaintiff, *Pro Se*
2455 Rt. 8
Apt. 2
P.O. Box 861
Lake Pleasant, New York 12108

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with applications to proceed *in forma pauperis* filed by Bruce Ingraham (Dkt. No. 2) and Holly Ingraham (Dkt. No. 3) (collectively "Plaintiffs") to the Court for review. For the reasons discussed below, I grant Plaintiffs' *in forma pauperis* applications (Dkt. Nos. 2 and 3), and I recommend that Plaintiffs' Complaint (Dkt. No. 1) be dismissed in its entirety with leave to amend.

I. **BACKGROUND**

Construed as liberally[1] as possible, Plaintiffs' Complaint appears to allege that their civil rights were violated by Defendant, Palantine Motel ("Defendant").[2] (*See generally* Dkt. No. 1.) The handwritten Complaint, which is a form complaint pursuant to 42 U.S.C. § 1983, is, in part, indecipherable. (*Id.*)

The Complaint appears to allege that Defendant owns the property that Plaintiffs lived in, which is located at 203 West Grand Street, Palatine Bridge, New York. (*Id.*)

The Complaint alleges that Defendant assaulted, or attempted to assault Plaintiffs by (1) throwing a water jug that stuck Plaintiff Holly Ingraham in the temple on an unspecified date, (2) attempting to hit Plaintiff Bruce Ingraham with a full-size pickup truck on an unspecified date, (3) chasing Plaintiff Bruce Ingraham to his vehicle on July 4, 2020, and (4) striking Plaintiff Bruce Ingraham in the leg on an unspecified date. (*Id.*)[3] Plaintiffs further allege that another of Defendant's tenants hit Plaintiff Bruce Ingraham in the back with a motion detector, the motion detector bounced off Plaintiff Bruce Ingraham's back and "nearly hit [Plaintiff] Holly [Ingraham] [i]n the face." (*Id.* at 4.)

The Complaint alleges that on July 4, 2020, Defendant participated in a home invasion where Defendant "kicked in the door shattering the door casing and shattering the locks." (*Id.* at

---

[1]   The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]   Plaintiffs refer to Defendant in the caption of the Complaint as "Palantine Motel and or the Plaza Palantine Bridge NY." (Dkt. No. 1 at 1.)

[3]   It is unclear who Plaintiffs allege took these actions because Defendant appears to be a business entity and thus, is not capable of taking physical action as described in the Complaint. (*See generally* Dkt. No. 1.)

3.)[4]  Plaintiffs allege that on an unspecified date, Defendant illegally seized their property (including a medical device, an angel cabinet, an unused dash camera from the refrigerator, and pictures), changed door locks, entered the property through back windows by pressing the windows open, claiming there was a water leak, altered property inside of the dwelling, and would not let the Montgomery County Sherriff into the property to retrieve Plaintiffs' personal property.  (*Id*. at 9.)

Plaintiffs allege that their vehicle was repeatedly vandalized over an unknown period of time.  (*Id*. at 5.)  The Complaint alleges that the Montgomery County Sheriff "ha[s] scouted the property and stated vandalism [to the vehicle] came from the property and the black paint that was used was done hours ago just probably after sundown."  (*Id*. at 5-6.)

Plaintiffs allege that at some point in time, Defendant stopped utility and garbage removal services.  (*Id*.)  Plaintiffs allege that, as a result, garbage piled up causing "bact[e]ri[]a [to be pulled] into the a.c." and ultimately, entered Plaintiff Holly Ingraham's bloodstream.  (Dkt. No. 1 at 4.)  Moreover, Plaintiffs allege that Defendant's failure to remove snow in the winter months resulted in the town removing the snow because an ambulance could not access the property.  (*Id*. at 6.)  Plaintiffs allege that an individual[5] took her snow shovel and prevented Plaintiffs' car "from getting to the hospital" for Plaintiff Holly Ingraham's brain CAT scan.  (*Id*.)  Plaintiffs allege that when an "artic front came to N[ew] Y[ork]" in April 2020, Defendant shut off water services in attempt to get Plaintiffs to leave the property.  (*Id*.)  Plaintiffs allege that they were without running water for twenty days and sewage from other units came into their

---

4    It is not clear if this alleged home invasion occurred at Plaintiffs' residence or another unit at Defendant property.

5    Plaintiffs refer to this individual as "[B]enta Vose AKA Alias Sandera Vose AKA [D]ebbie Mosher."  (Dkt. No. 1 at 5.)  It is unclear who this individual is.

shower. (*Id*.) Plaintiffs allege that Defendant "made a second attempt of shutting down the sewer early summer." (*Id*. at 7.)

Plaintiffs allege Defendant "put the public at risk in the middle of a pandemic 20 miles east of us in a city known as Fonda NY. There was high case of the cor[o]navirus. And wind travels from west to east." (*Id*. at 8-9.)

Plaintiffs appear to allege that on an unspecified date, Defendant instructed an individual to sign "pages of slander" against Plaintiff Bruce Ingraham, which resulted in him being "arrested and placed in Mon[t]gomer[]y County she[r]iff car and transported." (*Id*. at 5.) Plaintiffs allege that "the Judge had indicted (sic) that the person signed the original arrest warrant wasn[']t qualified to sign it." (*Id*.)

Plaintiffs further appear to allege that the eviction proceeding against them and the assault charges against Plaintiff Bruce Ingraham were postponed until Plaintiffs vacate Defendant's property. (*Id*. at 6.)

Based upon the foregoing allegations, the Complaint appears to assert the following claims: (1) a claim of taking utilities away, (2) a claim of attempted malicious assault, and (3) a claim of home invasion. (*See generally* Dkt. No. 1.) As relief, Plaintiffs seek $240 million in damages. (*Id*.)

For a more complete statement of Plaintiffs' claims, refer to the Complaint. (Dkt. No. 1.)

Plaintiffs also filed applications for leave to proceed *in forma pauperis*. (Dkt. Nos. 2 and 3.)

## II. PLAINTIFFS' APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized,

however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[6] After reviewing Plaintiffs' *in forma pauperis* application (Dkt. Nos. 2 and 3), the Court finds that Plaintiffs meet this standard. Therefore, Plaintiffs' applications to proceed *in forma pauperis* are granted.[7]

### III.   LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

---

[6]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[7]     Plaintiffs are reminded that, although their applications to proceed *in forma pauperis* have been granted, they will still be required to pay fees that they may incur in this action, including copying and/or witness fees.

5

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston*

*v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.    ANALYSIS[8]

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiffs' Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiffs' Complaint, although it indicates it is a constitutional claim, fails to provide sufficient factual information for the Court to review or for Defendant to have notice of the claims against it.  The haphazard collection of facts and allegations do not provide any indication of the causes of action Plaintiffs intend to assert or whether this Court has jurisdiction over the action.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[8]    The Court notes that Plaintiffs filed several other actions in this District at the same time they filed this action. *See Ingraham v. Mayfield State Troopers*, 1:20-CV-1186 (GLS/TWD); *Ingraham v. Casey*, 1:20-CV-1188 (DNH/CFH); *Ingraham v. Saint Mary Hosp.*, 1:20-CV-1189 (MAD/CFH); *Ingraham v. Hartford Conniceut Ins.*, 1:20-CV-1190 (GLS/DJS).  Plaintiffs have also filed actions before this Court that have been dismissed. *See Ingraham v. Red Carpet Hous.*, Corp., 1:17-CV-1076 (GLS/CFH); *Ingraham v. Cuomo*, 1:20-CV-0147 (TJM/CFH).

Fed. R. Civ. P. 8(a). Rule 8's purpose "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .

Fed. R. Civ. P. 10(b). Rule 10's purpose is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 92-CV-4838, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citation omitted).

A complaint that does not comply with these Rules "presents far too heavy a burden in terms of [Defendant's] duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [Plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted).

Here, I recommend that the Complaint be dismissed because it is not acceptable under Rules 8 and 10 of the Federal Rules of Civil Procedure and Plaintiffs' claims are entirely unclear.

In the alternative, I recommend dismissal of Plaintiff's Complaint for failure to state a claim.

### A.  Claims Pursuant to 42 U.S.C. § 1983

"To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

There is no single test that is determinative of whether a private person or entity may be a state actor, but rather a host of factors.  *Baum v. N. Dutchess Hosp.*, 764 F. Supp. 2d 410, 428 (N.D.N.Y. 2011) (Treece, M.J.).  A state actor may be found when: (1) "[the challenged activity] results from the State's exercise of coercive powers"; (2) "the State provides significant encouragement, either overt or covert . . . or when a private actor operates as a willful participant in joint activity with the State or its agents"; (3) "it is controlled by an agency of the State;" (4) "it has been delegated a public function by the State [known as the public function test]"; or (5) "it is entwined with governmental policies or when government is entwined in its management or control[.]" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 296 (2001) (citations, quotation marks, and alterations omitted).[9]

---

[9]  On occasion, these criteria have been stated differently but the impact remains the same:

> The conduct of private actors can be attributed to the State for [§ 1983] purposes if (1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State. *See Sybalski v. Indep. Group Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008).

*Hogan v. A.O. Fox Mem'l Hosp.,* 346 F. App'x 627, 629 (2d Cir. 2009).

Here, drawing all reasonable inferences and construing the Complaint liberally, the Complaint alleges that Plaintiffs lived at Defendant's privately owned motel and Defendant took several improper actions that negatively impacted Plaintiffs. (Dkt. No. 1.)

These allegations are insufficient to plausibly allege that Defendant is a state actor for purposes of liability pursuant to 42 U.S.C. § 1983. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) (dismissing the complaint under § 1983 where the *pro se* plaintiff failed to include allegations of state action in the complaint against a private company); *Neal v. Neal*, 11-CV-0297, 2011 WL 7176374, at *3 (N.D.N.Y. Dec. 16, 2011) (Lowe, M.J.) (collecting cases) (dismissing the *pro se* complaint pursuant to § 1983 because there was no state action alleged when the defendant, a private actor, called the police to have the plaintiff removed from the defendant's parent's house); *Luciano v. City of New York*, 09-CV-0359, 2009 WL 1953431 *2 (S.D.N.Y. July 2, 2009) (holding that information provided to law enforcement, even if that information is false or mistaken, does not render the supplier of the information a state actor); *Kelly v. Yorktown Police Dep't*, 05-CV-6984, 2006 WL 3316183 *5 (S.D.N.Y. Nov. 13, 2006) (holding a private party supplying information or seeking police assistance "does not become a state actor . . . unless the police officers were improperly influenced or controlled by the private party."); *Fisk v. Letterman*, 401 F. Supp. 2d 362, 367 (S.D.N.Y. 2005) (holding that the complaint failed to state a claim under § 1983 because a private party who calls police officers for assistance or provides them with information that may lead to an arrest of an individual, does not become a state actor rendering that party liable to the person detained, unless the police officers were improperly influenced or controlled by the private party); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y.1986) (dismissing a frivolous *pro se* complaint under § 1983 where the plaintiff failed to allege state action on the part of defendants,

a private charge card company) ; *but see Bacquie v. City of New York*, 99-CV-10951, 2000 WL 1051904 *2 (S.D.N.Y. July 31, 2000) (holding that where a citizen has done more than call police and provide sworn information, a claim of state action may be sustained by showing concerted action).

As a result, I recommend that Plaintiffs' claims pursuant to 42 U.S.C. § 1983, be dismissed for failure to state a claim.

### B. New York State Common Law Claims

In addition to alleging that Defendant violated his civil rights pursuant to 42 U.S.C. § 1983, Plaintiffs also attempt to assert pendent state law claims alleging that Defendant took their utilities away, assaulted them, invaded their home, and vandalized their property.[10] In the event that Plaintiffs' federal claims are dismissed, I recommend that the Court decline to exercise supplemental jurisdiction over their state law claims. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.").

### V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem

---

[10] The Court also notes that there is "no private cause of action to enforce either state or federal criminal statutes." *George v. Progressive Ins. Agency, Inc.*, 18-CV-1138, 2018 WL 4660379, at *3 (N.D.N.Y. Sept. 28, 2018) (Baxter, M.J.) (citing *Carvel v. Ross*, 09-CV-0722, 2011 WL 856283, at *11-12 (S.D.N.Y. Feb. 6, 2011)).

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[11]

Here, I recommend Plaintiffs claims be dismissed with leave to amend their Complaint. This Court has serious doubts about whether Plaintiffs can amend to assert actionable claims against Defendant. However, I am unable to conclude with complete certainty that if permitted leave to amend the Complaint, Plaintiffs could not assert plausible claims pursuant to 42 U.S.C. § 1983. Accordingly, I recommend that leave to amend be granted.

If Plaintiffs choose to file an amended complaint, they should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y.

---

[11]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiffs must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any named Defendant in the constitutional deprivations alleged in sufficient detail to establish that it was tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiffs are informed that any such amended complaint will replace the existing Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' applications to proceed *in forma pauperis* (Dkt. Nos. 2 and 3) are **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiffs' claims against Defendant because the Complaint is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), or in the alternative, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiffs, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[12] Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: January  4 , 2021
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[12] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).